**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 121627

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ellen Blonder,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>Alliant Capital Management LLC,<br><br>　　　　　　　　　　Defendant. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Ellen Blonder ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Alliant Capital Management LLC ("*Defendant*"), as follows:

### INTRODUCTION

1.　This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).  The Court has supplemental jurisdiction exists over the any state law claims pursuant to 28 U.S.C. §1367.

3.　Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.　At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Ellen Blonder is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Alliant Capital Management LLC, is a New York Limited Liability Company with a principal place of business in Erie County, New York.

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

9. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

10. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

11. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

12. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

13. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common

consumer—understands the notice he or she receives." *Russell,* 74 F.3d at 34.

14. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson,* 516 F.3d at 90.

15. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## FACTUAL ALLEGATIONS

16. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

17. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of Defendant's business is the collection of such debts.

19. Defendant uses the mails in its debt collection business.

20. Defendant uses the telephones in its debt collection business

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. Defendant alleges Plaintiff owes a debt (the "alleged Debt").

23. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

24. The alleged Debt does not arise from any business enterprise of Plaintiff.

25. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

3

27. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

28. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by calls to Plaintiff's telephone, including the call made on February 18, 2021, and left Plaintiff a voicemail.

29. In its efforts to collect the alleged Debt, Defendant contacted multiple family members of Plaintiff by telephone.

30. On February 18, 2021 Defendant left voicemail messages on the telephone of Plaintiff's husband in furtherance of its efforts to collect the alleged Debt.

31. On February 18, 2021 and February 23, 2021 Defendant left voicemail messages on the telephone of Plaintiff's daughters in furtherance of its efforts to collect the alleged Debt.

32. Plaintiff never authorized Defendant to contact her husband with respect to the alleged Debt.

33. Plaintiff never authorized Defendant to contact her daughters with respect to the alleged Debt.

34. Plaintiff was embarrassed and ashamed when her family members heard the messages.

35. The Messages are "communications" as defined by 15 U.S.C. § 1692a(2).

36. Plaintiff's injury is "particularized" and "actual" in that the messages that caused the injury were intended for Plaintiff specifically.

37. Plaintiff's injury is directly traceable to Defendant's conduct, because Defendant sent the Messages.

38. A favorable judicial resolution of Plaintiff's case would redress Plaintiff's injury with damages.

39. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

40. Plaintiff has been misled by Defendant's actions.

41. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to use abusive, deceptive, unfair and unlawful means in its attempts to collect the Debt.

42. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will ultimately cause her unwarranted economic harm.

43. As a result of Defendant's conduct, Plaintiff was forced to hire counsel and therefore has incurred damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

44. As a result of Defendant's conduct, Plaintiff's counsel was forced to expend time and money to investigate the enforceability of the Debt.

45. Upon information and belief, Plaintiff can prove that all actions taken by Defendant as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

**FIRST COUNT**

46. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

47. The Messages were the initial communication Plaintiff received from Defendant concerning the alleged Debt.

48. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information, notices and disclaimers. 15 U.S.C. § 1692g(a)(1)-(5).

49. Defendant was required to send Plaintiff a written notice containing the information and disclosures required by § 1692g(a) within five days of the telephone calls.

50. Defendant failed to send the required written notice to Plaintiff within five days of the telephone calls.

51. Defendant's failure to send the required written notice to Plaintiff within five days of the telephone calls is a violation of 15 U.S.C. § 1692g.

52. For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g and is liable to Plaintiff therefor.

**SECOND COUNT**

53. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

54. On February 18, 2021 and February 23, 2021, Defendant contact Plaintiff's

5

husband and daughters respectively ("Third-Party Recipients") by telephone and left each a voicemail message.

55. Prior to this contact, the Third-Party Recipients were not aware of the Debt.

56. Plaintiff never gave Defendant consent to communicate with any third-party in connection with the collection of the Debt including Third-Party Recipients.

57. Plaintiff never gave Defendant consent to communicate with the Third-Party Recipients in connection with the collection of the Debt.

58. Defendant's conduct invaded the privacy protections afforded to Plaintiff through the FDCPA.

59. Defendant disclosed information about Plaintiff's alleged debt to a third-party in violation of the FDCPA.

60. 15 U.S.C. § 1692c(b) provides that without the prior consent of the consumer given directly to the debt collector, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

61. Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of a debt with persons other than Plaintiff without Plaintiff's consent.

62. Defendant intended to harass Plaintiff by communicating with the Third-Party Recipients.

63. Plaintiff was caused significant embarrassment and humiliation as a result of the Defendant's conduct.

64. 15 USC § 1692c(a)(1) prohibits a communication made to an inconvenient place.

65. Defendant had previously contacted Plaintiff at Plaintiff's correct telephone number.

66. Plaintiff had never utilized the Third-Party Recipients' telephone numbers to contact Defendant or to receive calls.

67. Plaintiff had never had a credit account associated with the Third-Party Recipients' telephone numbers.

68. Defendant knew or should have known it was contacting Plaintiff at an improper telephone number.

69. For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(a)(1) and 1692c(b) and is liable to Plaintiff therefor.

### THIRD COUNT

70. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

71. 15 U.S.C. § 1692e(11) requires debt collectors to disclose in all communications with consumers that the communication is from a debt collector.

72. The message left on Plaintiffs telephone on February 18, 20201, failed to advise Plaintiff that the Message was from a debt collector.

73. Defendant's failure to advise Plaintiff that the Message was from a debt collector violates 15 U.S.C. § 1692e(11).

74. 15 U.S.C. § 1692d(6) prohibits debt collectors from making telephone calls to consumers without meaningful disclosure of the caller's identity.

75. Defendant failed to disclose the caller's identity in the Message.

76. Defendant's failure to disclose the caller's identity in the Message violates 15 U.S.C. § 1692d(6).

77. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e(11) and 1692d(6) and is liable to Plaintiff therefor.

### JURY DEMAND

78. Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendant's actions violate the FDCPA; and

b. Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A); and

c. Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and

d. Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: February 23, 2021

                                **BARSHAY SANDERS, PLLC**

                                By: */s Craig B. Sanders*
                                Craig B. Sanders, Esq.
                                100 Garden City Plaza, Suite 500
                                Garden City, New York 11530
                                Email: csanders@barshaysanders.com
                                Tel: (516) 203-7600
                                Fax: (516) 282-7878
                                *Attorneys for Plaintiff*
                                Our File No.: 121627

